IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAFFERTY CLOBES MERIWETHER & SPRENGEL, LLP, on behalf of itself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16 C 2331 |
| XO COMMUNICATIONS SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

This Court's carefully crafted June 3, 2016 memorandum opinion and order ("Opinion") dismissed the First Amended Complaint ("FAC") that had been brought by Cafferty Clobes Meriwether & Sprengel, LLP ("Cafferty Clobes") against XO Communications Services, Inc.[1] With the Opinion having concluded its analysis with a brief summary that (1) made specific the aspects of FAC Counts I and II that were dismissed without leave to amend and (2) dismissed the FAC's remaining Counts III and IV in their entirety without leave to amend, the Opinion stated in its penultimate paragraph:

> This action, however, is not dismissed in its entirety. If Cafferty Clobes believes that either or both of Counts I and II is or are salvageable on grounds other than those rejected by this opinion, it must file a proposed Second Amended Complaint on or before June 23, 2016 (with a Judge's Copy being contemporaneously delivered to this Court's chambers -- see LR 5.2(f)), failing which this action will be dismissed with prejudice on June 24.

---

[1] As Opinion at 1 n.1 explained, solely as a matter of convenience this Court has referred to that corporation and its successor XO Communications Services, LLC collectively as "XO." This memorandum order will do the same.

Cafferty Clobes' counsel has impermissibly (and quite astonishingly) flouted the Opinion's rulings -- its counsel have tendered a proposed 38-page 150-paragraph Second Amended Complaint ("SAC") (1) that appears to have essentially reasserted the two counts that were torpedoed entirely without leave to amend, (2) that appears to have reasserted contentions from Counts I and II that were also deep-sixed without leave to amend and (3) that has added new theories for possible recovery that have expanded the number of counts from four to seven. In hindsight this Court was unwise -- especially given the nature of the contentions advanced by Cafferty Clobes' counsel the first time around -- in having entrusted to counsel's integrity the obligation to comply with the Opinion's directives.

Instead it seems that this Court should have required the filing of a supplement to any repleading that would point specifically to all proposed changes that would survive the with-prejudice dismissals ordered by the Opinion. It is simply unfair to require this Court to wend its way through the proposed turgid repleading without such a road map.

One additional comment is in order. Opinion at 7 n.2 adverted to the fundamental difference between the federal concept of "claim for relief" and the state common law or code pleading concept of a "cause of action," so that the FAC's division into what it labeled as separate counts has added some confusion to the mix. Now that has been exacerbated by the attempted introduction in the proposed SAC of totally new counts that appear to be nothing more than new theories of recovery on the selfsame facts, aimed at supporting the FAC's old (and dismissed) claims for relief.

But where the Opinion did not rule out the possibility of any amendment, that was on the predicate that additional <u>facts</u> might cure the FAC's deficiencies. On that score, however, basic principles of forfeiture teach that in defending against a motion to dismiss a plaintiff should

marshal every argument -- and thus every potential theory of recovery -- that might sustain its claim for relief. Reasserting the same facts tied to the same claim for relief but couched in terms of a new theory of recovery appears to be less an amendment under Rule 15 than a motion for reconsideration, as to which Cafferty Clobes' counsel are directed to take account (as this Court plans to) of the narrow circumstances in which Above the Belt, Inc. v. Mel Bohannon Roofing Co., 99 F.R.D. 99, 101 (E.D. Va. 1983) teaches such a motion might be appropriate. Counsel are also cautioned that a failure "to demonstrate how the proposed amendment would cure the deficiencies in the prior complaint" constitutes a ground for denying leave to amend (Gonzalez-Koeneke v. West, 791 F.3d 801, 808 (7th Cir. 2015)).

In sum, Cafferty Clobes' proposed SAC is stricken. Counsel for Cafferty Clobes is given until July 11, 2016 to file a proposed Third Amended Complaint[2] that conforms to the directives in the Opinion and in this memorandum order. As stated earlier, any submission on behalf of Cafferty Clobes must be accompanied by a supplemental figurative road map to facilitate this Court's reaching an informed judgment as to counsel's compliance or noncompliance.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 27, 2016

---

[2] Even though the proposed SAC has been stricken, that "Third" designation is appropriate in order to avoid confusion as to the filings in the case.